Appellant=s and Appellee=s Motions for Rehearing Overruled; Affirmed in
part, Reversed and Remanded in part; Opinion Issued January 15, 2004 Withdrawn;
and Majority and Dissenting Opinions on Third Motion for Rehearing filed June
17, 2004









Appellant=s and Appellee=s
Motions for Rehearing Overruled; Affirmed in part, Reversed and Remanded in
part; Opinion Issued January 15, 2004 Withdrawn; and Majority and Dissenting
Opinions on Third Motion for Rehearing filed June 17, 2004. 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-00854-CV

_______________

 

MARGARET DYE SUDAN, now known as

MAGGIE MACKENZIE, Appellant

 

V.

 

PHILIP P. SUDAN, JR., Appellee

______________________________________________________

 

On Appeal from the 309th District Court

Harris County, Texas

Trial Court Cause No. 93-06003A

______________________________________________________

 

D I S S E N T I N G  
O P I N I O N   O N   T H I R D

M O T I O N   F
O R   R E H E A R I N G

 








I
respectfully dissent to that portion of the majority opinion sustaining
Mackenzie=s challenge to Sudan=s motion for summary judgment on
Mackenzie=s claim of economic duress.   It is my considered opinion that the
averments in Mackenzie=s affidavit are not sufficient to raise a fact issue on
economic duress.  Duress is an
affirmative defense in confession and avoidance of the affirmative defense of
release.  Brown v. Cain Chem., Inc.,
837 S.W.2d 239, 242B43 (Tex. App.CHouston [1st Dist.] 1992, writ denied).  There can be no duress without the following:
(1) a threat or action taken without legal justification; (2) the action or
threat was of such a character as to destroy the other party=s free agency; (3) the threat or
action overcame the party=s free will and caused her to do that which she would not
otherwise have done and that which it was not legally bound to do; (4) the
restraint was imminent; and (5) the opposing party had no present means of
protection.  HRN, Inc. v. Shell Oil
Co., et al., 102 S.W.3d 205, 215 (Tex. App.CHouston [14th Dist.] 2003 pet.
granted).  See also, Chapman
Children=s Trust v. Porter & Hedges, L.L.P., 32 S.W.3d 429,
443.  

Accepting
Mackenzie=s statements as true, I find her
affidavit to be conclusory relative to the following elements of economic
duress: (1) imminency of restraint from doing what she would have otherwise not
done, and (2) no present means of protection when the amendment was
signed.  The bare assertion that she did
not have an attorney is ineffective to prevent entry of summary judgment.  HRN Inc., 102 S.W.3d at 216;
see also, Burrow v. Arce, 997 S.W.2d 229, 235B36 (Tex. 1999); In re Am. Home
Prods. Corp., 985 S.W.2d 68, 74 (Tex. 1998).  Clearly, Mackenzie could have initiated this
suit for temporary orders and enforcement of the divorce decree before
signing the amendment which is the subject of this appeal.  Accordingly, I would not sustain Mackenzie=s challenge to the summary judgment
negating her economic duress contention.

 

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Majority and
Dissenting Opinions filed June 17, 2004.

Panel consists of Justices Hudson,
Edelman, and Seymore (Edelman, J. majority).